United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

———————

No. 96-3974

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Donald L. Grider, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: April 18, 1997

Filed: August 5, 1997

———————

Before LOKEN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Donald L. Grider appeals from his convictions on charges of possessing methamphetamine with the intent to distribute it and carrying a firearm during and in relation to a drug trafficking offense, in violation, respectively, of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). He complains that the district court erred in failing to suppress the physical evidence against him and in finding him guilty, after a bench trial, of the firearms charge. We affirm the judgment of the district court.[1]

———————

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Mr. Grider's first argument in support of his complaint with respect to the denial of his motion to suppress is that the state trooper who stopped him on the highway and later searched his vehicle did not have probable cause to do so. Mr. Grider did not make this argument in support of his motion to suppress below, and he has therefore forfeited it. See United States v. Buchanan, 985 F.2d 1372, 1380 (8th Cir. 1993), cert. denied, 512 U.S. 1228 (1994).

Mr. Grider also maintains that the trooper detained him longer than was necessary to conduct an investigation " 'reasonably related in scope to the circumstances which justified the interference in the first place,' " United States v. Cummins, 920 F.2d 498, 502 (8th Cir. 1990), cert. denied, 502 U.S. 962 (1991), quoting Terry v. Ohio, 392 U.S. 1, 20 (1968), because, after giving him a warning ticket, the trooper asked him if there were any drugs or guns in his van and then requested permission to search the vehicle. Mr. Grider therefore asks us to hold that the search of his van that the trooper made thereafter was the result of an illegal detention. The district court seems to have ruled that the trooper had in fact a legal right to detain Mr. Grider to make the inquiries that Mr. Grider claims the Fourth Amendment does not authorize.

The government, on the other hand, does not ask us to adopt this legal conclusion of the district court. Instead, it urges us to view the facts of this case in light of our holding in United States v. White, 81 F.3d 775 (8th Cir. 1996), cert. denied, 117 S. Ct. 518 (1996). In that case, which involved facts in all relevant ways identical to ours, we held that after an officer issued a warning ticket, "the encounter became nothing more than a consensual encounter between a private citizen and a law enforcement officer," id. at 778, and was, as a matter of law, no longer a seizure, because in the circumstances a reasonable person in the defendant's position would feel free to go about his or her business, id. at 779. We think that the government is correct that the holding in White applies to this case and that Mr. Grider was not unlawfully

detained when the trooper asked him if he had drugs or guns in his van and requested permission to search it.  His argument in this respect therefore necessarily fails.

Mr. Grider also maintains that the consent that he gave to search his van was involuntarily given.  But the district court's determination that Mr. Grider voluntarily consented to the search finds ample support in the record and is thus not clearly erroneous.  We therefore reject this argument.

Finally, we have carefully considered Mr. Grider's arguments that the district court wrongly convicted him of the firearms offense, and we detect no error of law or fact in the record that would entitle Mr. Grider to relief.

We therefore affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.